UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKAIYA HARRIS,

       Case No. 2:18-cv-12751-MFL-APP

    Plaintiff,

       Honorable Matthew F. Leitman
       Magistrate Judge Anthony P. Patti

vs.

PERFECTING CHURCH d/b/a Perfecting Church
Corporation and MARVIN L. WINANS,

    Defendants.

_____/

| | |
|---|---|
| Steven John Moser | Reginald Turner (P40543) |
| MOSER LAW FIRM, P.C. | Robert N. Dare (P79207) |
| 3 School Street | CLARK HILL PLC |
| Suite 207B | 500 Woodward Avenue, Suite 3500 |
| Glen Cove, New York 11542 | Detroit, Michigan 48226 |
| (516) 671-1150 | (313) 965-8356 |
| smoser@moseremploymentlaw.com | rturner@clarkhill.com |
| Attorneys for Plaintiff | rdare@clarkhill.com |
| | Attorneys for Defendant |

_____/

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE AND OTHER DEFENSES**

Defendants, Perfecting Church d/b/a Perfecting Church Corporation (the "Church"), and Marvin L. Winans ("Pastor Winans"), by their attorneys Clark Hill PLC, state for their Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") as follows:

1

## Introductory Statement

1.      Defendants admits only that Plaintiff's lawsuit purports to seek relief under the Fair Labor Standards Act ("FLSA"), the Michigan Workforce Opportunity Wage Act ("WOWA"), and the Michigan Elliot Larsen Civil Rights Act ("ELCRA").

## Jurisdiction and Venue

2.      The allegations in Paragraph 2 state a legal conclusion to which no response is required.

3.      The allegations in Paragraph 3 state a legal conclusion to which no response is required.

4.      The allegations in Paragraph 4 state a legal conclusion to which no response is required.

## Nature of Claims

5.      Admitted.

6.      Defendants admit that Plaintiff was employed by the Church as a housekeeper. Defendants also admit that the Church entered into a 12-month lease with Plaintiff for a residential property. Defendants further admit that Pastor Winans requests that Church members tithe. Defendants deny as untrue the remaining allegations in Paragraph 6.

220442862.1 27656/340547

7.      The allegations in Paragraph 7 state a legal conclusion to which no response is required.

<h2 style="text-align:center"><u>Parties</u></h2>

8.      Defendants lack knowledge and information sufficient to form a belief whether Plaintiff resides in Michigan and leaves Plaintiff to her proofs.

9.      Admitted.

10.     Admitted.

11.     The allegations in Paragraph 11 state a legal conclusion to which no response is required.

12.     The allegations in Paragraph 12 state a legal conclusion to which no response is required.

13.     Admitted.

14.     Defendants deny as untrue the allegations in Paragraph 14. Perfecting is not part of a "larger enterprise."

15.     Defendants deny as untrue the allegations in Paragraph 15. A "Perfecting Enterprise" does not exist.

16.     Defendants neither admit nor deny the allegations in Paragraph 16 of the Complaint, lacking sufficient information to form a belief as to the truth thereof and leave Plaintiff to her proofs.

3

17.    The allegations in Paragraph 17 state a legal conclusion to which no response is required.

18.    Admitted.

19.    Admitted.

20.    Defendants deny as untrue the allegations in Paragraph 20.

21.    The allegations in Paragraph 21 state a legal conclusion to which no response is required.

22.    Defendants deny as untrue the allegations in Paragraph 22.

23.    The allegations in Paragraph 23 state a legal conclusion to which no response is required.

## Statement of Facts

24.    Admitted.

25.    Admitted.

26.    Admitted.

27.    Admitted.

28.    Defendants deny the allegations in Paragraph 28 in the manner and form alleged. After beginning work at the Academy of Performing Arts in a part-time capacity, Plaintiff requested to fill an opening for a full-time position at the Church, which was granted.

29.    Admitted.

4

220442862.1 27656/340547

30.    Defendants deny as untrue the allegations in Paragraph 30.

31.    Admitted.

32.    Defendants admit that the Church and Plaintiff entered into a rental agreement for a 12-month lease of a residential property located at 10505 Nottingham, Detroit, Michigan.

33.    Defendants neither admit nor deny the allegations in Paragraph 33, lacking sufficient information to form a belief as to the truth thereof and leaves Plaintiff to her proofs.

34.    Admitted.

35.    Defendants deny as untrue the allegations in Paragraph 35.

36.    Defendants admit that pursuant to the Rental Agreement between Plaintiff and the Church, Plaintiff was responsible for payments of all utilities and services for the property located at 10505 Nottingham, Detroit, Michigan. Defendants neither admit nor deny the remaining allegations in Paragraph 36, lacking sufficient information to form a belief as to the truth thereof and leaves Plaintiff to her proofs.

37.    Defendants neither admit nor deny the allegations in Paragraph 37, lacking sufficient information to form a belief as to the truth thereof and leaves Plaintiff to her proofs.

38.     Defendants deny as untrue the allegations of Paragraph 38 and its subparts.

39.     Defendants admit that Brenda Lancaster was Plaintiff's supervisor and that Cynthia Flowers-Williams is the General Manager of the Church. Defendants admit that Ms. Flowers has requested $10 donations from staff to help celebrate Ms. Lancaster's birthday. Defendants neither admit nor deny the remaining allegations in Paragraph 39, lacking sufficient information to form a belief as to the truth thereof and leaves Plaintiff to her proofs.

40.     Defendants admit that Ms. Flowers has requested $10 donations from staff to help celebrate Ms. Lancaster's birthday. Defendants neither admit nor deny the remaining allegations in Paragraph 40, lacking sufficient information to form a belief as to the truth thereof and leaves Plaintiff to her proofs.

41.     Defendants deny as untrue the allegations of Paragraph 41.

42.     Admitted.

43.     Admitted.

44.     Defendants admit that Pastor Winans met with Plaintiff to discuss her church attendance. Defendants deny as untrue the remaining allegations in Paragraph 44.

45.     Defendants deny as untrue the allegations of Paragraph 45.

46.     Defendants deny as untrue the allegations of Paragraph 46.

220442862.1 27656/340547

47.     Defendants deny as untrue the allegations of Paragraph 47.

48.     Defendants deny as untrue the allegations of Paragraph 48.

49.     Defendants deny as untrue the allegations of Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50 in the form and manner alleged. Defendants admit only that no employees of the Church were terminated for refusing to tithe.

## Count I

### Violation of the Minimum Wage Provisions of the FLSA

51.     Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

52.     The allegations in Paragraph 52 state a legal conclusion to which no response is required.

53.     The allegations in Paragraph 53 state a legal conclusion to which no response is required.

54.     Defendants deny as untrue the allegations in Paragraph 54.

55.     Defendants deny as untrue the allegations in Paragraph 55.

56.     Defendants deny as untrue the allegations in Paragraph 56.

7

## Count II

### Violation of the Overtime Provision of the FLSA

57.     Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

58.     The allegations in Paragraph 58 state a legal conclusion to which no response is required.

59.     The allegations in Paragraph 59 state a legal conclusion to which no response is required.

60.     Defendants deny as untrue the allegations in Paragraph 60.

61.     Defendants deny as untrue the allegations in Paragraph 61, including subparts a.-b.

62.     Defendants deny as untrue the allegations in Paragraph 62.

## Count III

### Violation of the Minimum Wage Provision of the WOWA

63.     Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

64.     Defendants deny as untrue the allegations in Paragraph 64.

65.     Defendants deny as untrue the allegations in Paragraph 65.

8

**Count IV**

**Violation of the Overtime Provision of the WOWA**

66.    Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

67.    The allegations in Paragraph 67 state a legal conclusion to which no response is required.

68.    Defendants deny as untrue the allegations in Paragraph 68.

69.    Defendants deny as untrue the allegations in Paragraph 69, including subparts a.-b.

70.    Defendants deny as untrue the allegations in Paragraph 70.

**Count V**

**Discrimination in Violation of 29 U.S.C. § 215**

71.    Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

72.    The allegations in Paragraph 72 state a legal conclusion to which no response is required.

73.    Defendants deny as untrue the allegations in Paragraph 73.

74.    Defendants deny as untrue the allegations in Paragraph 74.

75.    Defendants deny as untrue the allegations in Paragraph 75.

76.    Defendants deny as untrue the allegations in Paragraph 76.

220442862.1 27656/340547

## Count VI

77.    Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

78.    The allegations in Paragraph 78 state a legal conclusion to which no response is required.

79.    The allegations in Paragraph 79 state a legal conclusion to which no response is required.

80.    Defendants deny as untrue the allegations in Paragraph 80.

81.    Defendants deny as untrue the allegations in Paragraph 81.

82.    Admitted. Defendants further admit that no employees of the Church were required to tithe as a condition of employment, whether members or non-members.

83.     The allegations in Paragraph 83 state a legal conclusion to which no response is required.

## DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants state for their Affirmative Defenses to Plaintiff's Complaint as follows:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

220442862.1 27656/340547

2.       Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations period.

3.       To the extent any claims asserted by Plaintiff exceed the scope of or are inconsistent with any complaint or Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission, the Michigan Department of Civil Rights, and/or any other similar state agency, or any investigation conducted by those agencies, such claims are barred due to Plaintiff's failure to exhaust her administrative remedies.

4.       Defendants exercised reasonable care to prevent and took prompt, effective remedial action to correct any inappropriate behavior of which it was aware.

5.       Plaintiff unreasonably failed to take advantage of preventative and/or corrective opportunities provided by Defendants and/or to avoid harm otherwise.

6.       Plaintiff has received all compensation to which she was legally entitled.

7.       Plaintiff's claim for liquidated damages is barred for the reason that Defendants acted in good faith.

8.       Plaintiff's claim for liquidated and other damages is barred for the reason that Defendants did not willfully violate the FLSA and/or the WOWA.

9.     Plaintiff's claims are barred, in whole or in part, by doctrines of waiver, estoppel and/or laches.

10.     Plaintiff's claims are subject to appropriate set-offs.

11.     Defendants were not Plaintiff's employer.

12.     Defendants reserve the right to add any additional affirmative defenses that may become known during the course of discovery or otherwise.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Defendants its costs and attorney fees and any other equitable relief deemed just and appropriate.

Respectfully submitted,

CLARK HILL PLC

By: *s/Robert N. Dare*
Reginald Turner (P40543)
Robert N. Dare (P79207)
Attorneys for Defendants
500 Woodward Ave, Suite 3500
Detroit, Michigan 48226
(313) 965-8356
rturner@clarkhill.com
rdare@clarkhill.com

220442862.1 27656/340547

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 26, 2018, Defendants' Answer to Plaintiff's Complaint and Affirmative and Other Defenses was filed electronically with the Court using TrueFiling, its ECF system, which will send notification of such filing to all attorneys of record and selected case contacts.

*s/Robert N. Dare*
Robert N. Dare
